IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLORIA KOTLARZ, as Administrator of the Estate of COLLIN B. KOTLARZ, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JACKSON COUNTY, ILLINOIS and unknown JOHN DOES, | ) ) ) |
| Defendants. | ) ) |

Case No.: 17-CV-0552-MRJ-SCW

# FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, GLORIA KOTLARZ, as Administrator of the Estate of COLLIN B. KOTLARZ, Deceased, by and through her undersigned attorneys of record of Byron Carlson Petri & Kalb, LLC, and for her First Amended Complaint against the above named defendants, states the following based on information and belief:

## JURISDICTION AND VENUE

1. This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331, 1343(a)(3), and/or 42 U.S.C. § 1983.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 139l(b)(l) and 1391(b)(2), because, upon information and belief, all of the above named defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## **PARTIES**

**A.  PLAINTIFF AND DECEDENT**

3. Plaintiff, Gloria Kotlarz, (hereafter "Plaintiff") as Administrator of the Estate of Collin B. Kotlarz, Deceased (hereafter "Decedent"), is a citizen of the State of Tennessee.

4. Plaintiff is Decedent's natural mother, next of kin, and heir at law, and Plaintiff was named Administrator of the Estate of Collin B. Kotlarz ("Decedent") on May 16, 2017, by the Probate and Juvenile Court, Humphreys County, State of Tennessee.

5. Decedent was, at all times relevant herein, a thirty-one year old citizen of the State of Tennessee at the time of his untimely death.

**B.  DEFENDANTS**

6. Defendant Jackson County, Illinois was, at all times relevant herein, a local governmental entity in Jackson County, State of Illinois, and operated both a police force and a county jail located at 1001 Mulberry Street, Murphysboro, Illinois 62966.

7. Defendants unknown John Does were, at all times relevant herein, officers, employees, agents, and/or servants working as police and jail personnel at the county jail located at 1001 Mulberry Street, Murphysboro, Illinois 62966 and operated by Jackson County, Illinois. Defendants unknown John Does are named as such because their identities have not been ascertained at this point due to pending criminal matters.

8. At all times relevant herein, Defendants unknown John Does were acting under color of law, and within their scope of employment and/or agency with Jackson County, Illinois.

## FACTS COMMON TO ALL COUNTS

9. On or about March 5, 2016, Decedent was arrested by an officer, employee, agent, and/or servant of Union County, Illinois police department on suspicion that Decedent had committed a crime, driving under the influence of alcohol.

10. As a result of the aforementioned arrest, Decedent was taken, placed and housed in the county jail located at 1001 Mulberry Street, Murphysboro, Illinois 62966, which is operated by Jackson County, Illinois.

11. At all times relevant herein, Decedent was simply a *pre-Gerstein* arrestee and not a pretrial detainee. As pleaded in the alternative, Decedent was a pretrial detainee at all times relevant herein.

12. At the aforementioned county jail, Decedent was placed and housed in a cell.

13. Decedent was scheduled to be released from jail on June 14, 2016, and then taken to a halfway house.

14. Prior to and on or about May 26, 2016, Richard Powell was a pretrial detainee housed in the aforementioned county jail located at 1001 Mulberry Street, Murphysboro, Illinois 62966, which is operated by Jackson County, Illinois.

15. Richard Powell had been a pretrial detainee housed in the county jail located at 1001 Mulberry Street, Murphysboro, Illinois 62966, which is operated by Jackson County, Illinois, since March 2016.

16. As of May 26, 2016, Richard Powell had a prior criminal record or charges including, but not limited to, battery and resisting arrest and Defendants knew or should have known of this.

17. In addition, on information and belief, prior to May 26, 2016, Richard Powell was placed in "disciplinary segregation" due to prior behavioral issues in the jail.

18. In addition, on information and belief, Collin B. Kotlarz was placed in "disciplinary segregation" due to prior behavioral issues in jail.

19. In addition, on information and belief, Collin B. Kotlarz and Richard Powell were placed together in the same cell.

20. As such, the defendants herein had knowledge of Richard Powell's prior propensity for violence and disciplinary issues as well as the fact that Collin B. Kotlarz had difficulty and disciplinary issues in the jail.

21. That on or about May 10, 2016, the Illinois Department of Corrections performed an audit of the Jackson County jail and noted cell checks were not occurring at least every 30 minutes in violation of 20 Ill. Admin. Code § 701.130 (a)(2).

22. That in the early morning hours of May 26, 2016, sometime after 1:30 a.m., according to the coroner's report, Collin B. Kotlarz was strangled by Richard Powell.

23. That sometime around 6:00 a.m. to 6:58 a.m., Collin B. Kotlarz was found dead in the jail cell.

24. At autopsy, it was determined that Collin B. Kotlarz died as a result of strangulation by ligature, which caused acute asphyxiation.

25. That Richard Powell admitted to the Illinois State Police that he strangled Collin B. Kotlarz to death. At present, criminal charges for murder are pending against Richard Powell in Jackson County, Illinois in cause number 2016-CF-218.

### COUNT 1 - 42 U.S.C. § 1983 - SURVIVAL ACTION - 4TH AMENDMENT
### DEFENDANT JACKSON COUNTY, ILLINOIS

This Count 1 is alleged by Plaintiff against Defendant Jackson County, Illinois, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourth Amendment rights, which survived the death of Plaintiff's Decedent.

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

26. At all times relevant herein, Defendant Jackson County, Illinois was a governmental entity, operated a county police force and county jail, and was acting under color of law.

27. At all times relevant herein, Plaintiff's Decedent was a *pre-Gerstein* arrestee.

28. At all times relevant herein, Defendant Jackson County, Illinois had, adopted, and/or promulgated customs, decisions, policies and/or practices that were objectively unreasonable and that violated the Constitutional rights of its *pre-Gerstein* arrestees,

including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

    a. It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Jackson County, Illinois and/or Jackson County, Illinois Sheriff's Office), knowing that such officers were likely to violate the rights of their arrestees; or

    b. It failed to properly train, investigate, discipline and/or fire unknown John Does (officers, employees, and/or agents acting as police personnel for Jackson County, Illinois and/or Jackson County, Illinois Sheriff's Office) for such violations; or

    c. It failed to properly care for, protect, and treat detained citizens in violation of their Constitutional rights; or

    d. It placed detained citizens in situations where the risk of harm was increased and not lessened; or

    e. It did not provide adequate staffing to ensure the protection, care, and treatment of the arrestees; or

    f. It did not provide adequate monitoring of all arrestees; or

    g. It did not provide continuous and reasonable observation for all arrestees.

29. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled and suffered serious and extreme pain, suffering and emotional distress prior to his death.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendant Jackson County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT 2 - 42 U.S.C. § 1983 - SURVIVAL ACTION - 14TH AMENDMENT DEFENDANT JACKSON COUNTY, ILLINOIS

This Count 2 is alleged by Plaintiff against Defendant Jackson County, Illinois, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourteenth Amendment due process rights, which survived the death of Plaintiff's Decedent. This Count 2 is alleged in the alternative to Count 1.

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

26. At all times relevant herein, Defendant Jackson County, Illinois was a governmental entity, operated a county police force and county jail, and was acting under color of law.

27. At all times relevant herein, Plaintiff's Decedent was a pretrial detainee.

28. At all times relevant herein, Defendant Jackson County, Illinois had, adopted, and/or promulgated customs, decisions, policies and/or practices that poised a substantial risk of serious harm to Decedent and that violated the Constitutional rights of its pretrial detainees, including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

    a. It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Jackson County, Illinois and/or Jackson County, Illinois Sheriff's Office), knowing that such officers were likely to violate the rights of their detainees;

    b. It failed to properly train, investigate, discipline and/or fire unknown John Does (officers, employees, and/or agents acting as police personnel for Jackson County, Illinois and/or Jackson County, Illinois Sheriff's Office) for such violations;

  c. It failed to properly care for, protect, and treat detained citizens in violation of their Constitutional rights, including, but not limited to, their 14th Amendment rights;

  d. It placed detained citizens in situations where the risk of harm was increased and not lessened, which violated their Constitutional rights, including, but not limited to, their 14th Amendment rights; and/or

  e. It did not provide adequate staffing to ensure the protection, care, and treatment of the detainees.

29. At all times material herein, the above conditions under which Decedent was incarcerated poised a substantial risk of serious harm to Decedent and serious harm did occur to Decedent.

30. At all times material herein, unknown John Does executed and/or implemented the above noted customs, decisions, policies and/or practices that violated the Constitutional rights of Decedent and did so with deliberate indifference to the serious risks of harm these customs, decisions, policies and/or practices poised toward Decedent.

31. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled and suffered serious and extreme pain, suffering and emotional distress prior to his death.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendant Jackson County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT 3 - 42 U.S.C. § 1983 - SURVIVAL ACTION - 4TH AMENDMENT DEFENDANTS unknown JOHN DOES

This Count 3 is alleged by Plaintiff against Defendants unknown John Does, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourth Amendment rights, which survived the death of Plaintiff's Decedent.

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

26. At all times relevant herein, unknown John Does were employed as officers and/or prison personnel of Jackson County, Illinois.

27. At all times relevant herein, unknown John Does were acting within the scope of their employment and/or agency with Jackson County, Illinois and were under color of law.

28. At all times relevant herein, Defendants unknown John Does performed the following acts and/or omissions which objectively unreasonable and constituted a violation of Decedent's Constitutional rights under both the United States and Illinois Constitutions:

    a. Placed and housed Decedent with Richard Powell in an area that was unmonitored despite their knowledge of Richard Powell's propensity for violence and disciplinary issues;

    b. Failed to monitor and/or properly monitor the video cameras; and/or

    c. Failed to provide continuous and reasonable observations of the arrestees.

29. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled and suffered serious and extreme pain, suffering and emotional distress prior to his death.

9

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

### COUNT 4 - 42 U.S.C. § 1983 - SURVIVAL ACTION - 14TH AMENDMENT DEFENDANTS unknown JOHN DOES

This Count 4 is alleged by Plaintiff against Defendants unknown John Does, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourteenth Amendment due process rights, which survived the death of Plaintiff's Decedent. This Count 4 is alleged in the alternative to Count 3.

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

26. At all times relevant herein, Defendants unknown John Does were employed as officers and/or prison personnel of Jackson County, Illinois.

27. At all times relevant herein, Defendants unknown John Does were acting within the scope of their employment and/or agency with Jackson County, Illinois and were under color of law.

28. At all times relevant herein, Defendants unknown John Does performed the following acts and/or omissions which poised a substantial risk of serious harm to Decedent and constituted a violation of Decedent's Constitutional rights under both the United States and Illinois Constitutions:

    a.    Placed and housed Decedent with Richard Powell in an area that was unmonitored despite their knowledge of Richard Powell's propensity for violence and behavioral issues;

    b.    Failed to monitor and/or properly monitor the video cameras;

    c.    Failed to perform adequate security and well-being checks on a regular basis; and/or

    d.    Failed to provide continuous and reasonable observations of the arrestees.

29.    At all times material herein, the above conditions under which Decedent was incarcerated poised a substantial risk of serious harm to Decedent and serious harm did occur to Decedent.

30.    At all times material herein, Defendants unknown John Does executed and/or implemented the above noted acts and/or omissions with deliberate indifference to the serious risks of harm the aforementioned condition of incarceration poised toward Decedent.

31.    As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled and suffered serious and extreme pain, suffering and emotional distress prior to his death.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT 5 - WILLFUL AND WANTON CONDUCT - SURVIVAL ACTION
## JACKSON COUNTY, ILLINOIS

1-25.    Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

11

26. At all times relevant hereto, Defendant Jackson County, Illinois had a duty to refrain from willful and wanton conduct (i.e. reckless disregard for the safety of others) toward Decedent.

27. Notwithstanding said duty, Defendant Jackson County, Illinois committed one or more of the following willful and wanton conduct (either through acts/or omissions, taken as a whole):

    a. Failed to provide a sufficient number of prison personnel to provide adequate 24-hour supervision of detainees, in violation of its common law duty and Sections 701.20 and 701.130 of the Illinois Administrative Code;

    b. Failed to properly train its officers and prison personnel in security and well-being checks;

    c. Failed to properly train its officers and prison personnel in identifying detainees that poise threats of violence toward other detainees;

    d. Failed to properly train its officers and prison personnel in admissions procedures, in violation of its common law duty and Section 701.40 of the Illinois Administrative Code;

    e. Failed to properly train its officers and prison personnel in disciplining detainees with known propensities of violence and violent threats toward other detainees and prison personnel;

    f. Failed to segregate Richard Powell from other detainees, including Decedent, when Richard Powell's propensity for violence was known;

    g. Failed to monitor its detainees, including Decedent;

    h. Allowed its employees, agents, and/or servants to perform improper security and well-being checks;

    i. Allowed its employees, agents, and/or servants to place Decedent in a situation where his risk of harm was greater and not less;

      j.      Allowed its employees, agents, and/or servants to improperly monitor Decedent to prevent him from being injured and/or killed while in their custody; and/or

      k.      Failed to supervise Defendants unknown John Does when he knew that they would commit one or more of the aforementioned acts and/or omissions.

28. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, suffered serious and extreme pain, suffering and emotional distress prior to his death.

29. This Count is brought pursuant to the Illinois Survival Act, which was, at all times relevant herein, in full force and effect.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendant Jackson County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT 6 - WILLFUL AND WANTON CONDUCT - WRONGFUL DEATH DEFENDANT JACKSON COUNTY, ILLINOIS

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 of Count 5 as if fully set forth herein.

26. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled by Richard Powell and died as a result of his injuries therefrom.

27. That as a direct and proximate result of the aforesaid, Decedent's next of kin were and shall continue to be deprived of the companionship, goods, support, services, instruction, moral training, friendship and love provided to them by Decedent. Further, said next of kin have and continue to endure grief, sorrow and mental suffering.

28. This Count is brought pursuant to the Illinois Wrongful Death Act, which was, at all times relevant herein, in full force and effect.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendant Jackson County, Illinois for the benefit of the next of kin in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

### COUNT 7 - WILLFUL AND WANTON CONDUCT – SURVIVAL ACTION DEFENDANTS unknown JOHN DOES

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 as if fully set forth herein.

26. At all times relevant hereto, Defendants unknown John Does had a duty to refrain from willful and wanton conduct (i.e. reckless disregard for the safety of others) toward Decedent.

27. Notwithstanding said duty, Defendants unknown John Does committed one or more of the following willful and wanton conduct (either through acts and/or omissions, taken as a whole):

    a. Failed to segregate Richard Powell from other detainees, including Decedent, when Richard Powell's propensity for violence was known;

    b. Failed to monitor the detainees, including Decedent;

    c. Failed to provide adequate security and well-being checks on the detainees, including Decedent, in violation of their common law duty and Illinois Administrative Code Section 701.130;

  d. Failed to provide security and well-being checks on detainees, including Decedent, in violation of their common law duty and Illinois Administrative Code Section 701.130;

  e. Failed to provide continuous observation of the detainees, including Decedent, in violation of their common law duty and Illinois Administrative Code Section 701.130;

  f. Placed Decedent in a situation where his risk of harm was greater and not less; and

  g. Improperly monitored Decedent to prevent him from being injured and/or killed while in their custody;

28. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, suffered serious and extreme pain, suffering and emotional distress prior to his death.

29. This Count is brought pursuant to the Illinois Survival Act, which was, at all times relevant herein, in full force and effect.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT 8 - WILLFUL AND WANTON CONDUCT - WRONGFUL DEATH DEFENDANTS unknown JOHN DOES

1-25. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-25 of Count 7 as if fully set forth herein.

26. As a direct and proximate result of the foregoing, Plaintiff's Decedent, Collin B. Kotlarz, was strangled by Richard Powell and died as a result of his injuries therefrom.

15

27. That as a direct and proximate result of the aforesaid, Decedent's next of kin were and shall continue to be deprived of the companionship, goods, support, services, instruction, moral training, friendship and love provided to them by Decedent. Further, said next of kind have and continue to endure grief, sorrow and mental suffering.

28. This Count is brought pursuant to the Illinois Wrongful Death Act, which was, at all times relevant herein, in full force and effect.

WHEREFORE, Plaintiff, Gloria Kotlarz, as Administrator of the Estate of Collin B. Kotlarz, demands judgment against Defendants unknown John Does for the benefit of the next of kin in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

BYRON CARLSON PETRI & KALB, LLC

BY: */s/ Eric J. Carlson*
Eric J. Carlson #6228973
411 St. Louis Street
P.O. Box 527
Edwardsville, IL 62025
(618) 655-0600
(618) 655-4004 (fax)
ejc@byroncarlson.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was sent via the Court's electronic filing system this 18th day of September, 2017 to:

Joseph A. Bleyer
Bleyer and Bleyer
601 West Jackson Street
Marion, IL 62959-0487
*Attorneys for Jackson County, Illinois*

                                              */s/ Eric J. Carlson*